UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11519-GAO

TAWNI BENNETT,
Plaintiff,

v.

SUNPATH, LTD., ULTIMATE AUTO PROTECTION, CELTIC MARKETING, and NATIONAL CAR CURE,
Defendants.

ORDER
March 21, 2023

O'TOOLE, D.J.

The defendant National Car Cure ("NCC") has moved to dismiss the plaintiff Tawni Bennett's claims against it under the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commercial Code. Ms. Bennett alleges that NCC, a call center, made "robocalls" to her cellphone at the direction of co-defendant SunPath, Ltd., a seller of extended automobile warranties.

NCC invokes Federal Rule of Civil Procedure 12(b)(1) to argue that the Supreme Court's ruling in Barr v. American Association of Political Consultants, Inc., 140 S. Ct. 2335, 2346 (2020) ("AAPC") had the legal effect of rendering the entirety of the TCPA unconstitutional at the time relevant to the defendants' alleged violations. In AAPC, the Court held that a particular statutory exception to the TCPA's broader restriction on robocalls violated the First Amendment. Thus, according to NCC, this Court lacks jurisdiction over the TCPA claims because it "cannot provide a remedy for a violation of an unconstitutional statute." (Def., National Car Cure, LLC's, Mem. in Supp. of its Mot. to Dismiss Pl., Tawni Bennett's, Am. Compl. at 5 (dkt. no. 19).)

The argument is specious. The AAPC Court made clear that "the correct result in this case is to sever the 2015 government-debt exception and leave in place the longstanding robocall restriction." 140 S.Ct. at 2355.

NCC has also moved to dismiss under Rule 12(b)(6). The TCPA provides that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may [bring suit]." 47 U.S.C. § 227(c)(5). To survive a motion to dismiss, a TCPA plaintiff need not plead "specific calls." Gibbs v. SolarCity Corp., 239 F. Supp. 3d 391, 397 (D. Mass. 2017) (denying motion to dismiss because plaintiff's allegation that he "received numerous calls . . . over several months after he withdrew his consent" was "sufficient to establish a plausible basis for his claims"). Although "only residential phone subscribers are entitled to" protection under the TCPA, cellphones registered on the "Do Not Call Registry" are presumed to be residential subscribers. Barton v. Temescal Wellness, LLC, 525 F. Supp. 3d 195, 201–02 (D. Mass. 2021) (denying motion to dismiss because the plaintiff "pled that her cell phone number is registered on the Do Not Call Registry and the Do Not Call Registry is only open to residential subscribers").

Ms. Bennett alleges that she received one specific call from NCC, as well as "additional calls to [her] phone number from Defendants." (Am. Compl. ¶ 51 (dkt. no. 14).) Those calls went to her cellphone, which she used "primarily . . . for residential purposes." (Id. ¶ 34.) On some of those calls, she says she spoke with representatives to "ascertain the identities of the parties placing the unwanted solicitation calls." (Id. ¶ 45.) Those representatives tried to sell her SunPath warranties. When they refused to disclose who they were, Ms. Bennett purchased warranties "for investigative purposes." (Id. ¶ 48.) The Amended Complaint therefore plausibly alleges that NCC

placed more than one call to Ms. Bennett's residential phone. Whether that allegation will be sustained by admissible evidence is a question for another day.

Count III, however, fails to state a claim against NCC. That Count's heading states that it applies to "Defendants SunPath and NCC Only." (Id. at 11.) But the actual subsequent allegations refer to "Defendants' UAP [Ultimate Auto Protection] and SunPath's written do-not-call polices." (Id. ¶ 90.) Elsewhere in the complaint, Ms. Bennett alleges that she "wrote to Defendants UAP and SunPath requesting a copy of their internal do-not-call list policies," but that "UAP and SunPath declined to provide" them. (Id. ¶ 54–55.) Count III's heading therefore appears to be a typo.

For those reasons, NCC's Motion to Dismiss (dkt. no. 18) is GRANTED as to Count III but otherwise DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge