UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11519-GAO

TAWNI BENNETT,
Plaintiff,

v.

SUNPATH, LTD., ULTIMATE AUTO PROTECTION, CELTIC MARKETING, and NATIONAL CARE CURE,
Defendants.

ORDER
March 21, 2023

O'TOOLE, D.J.

The defendant SunPath, LTD has moved to dismiss the plaintiff Tawni Bennett's claims against it under the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commercial Code. Ms. Bennett alleges that SunPath, a seller of extended automobile warranties, engaged call centers to make "robocalls" to her cellphone.

Like its co-defendant, National Car Cure, SunPath first moves to dismiss Ms. Bennett's TCPA claims under Federal Rule of Civil Procedure 12(b)(1). The argument is meritless for the reasons explained in an order denying National Car Care's motion (dkt. no. 27).

SunPath also moves to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

"A party who engages a third-party telemarketer may be held vicariously liable under federal common law agency principles for a TCPA violation." Rosenberg v. LoanDepot.com LLC, 435 F. Supp. 3d 308, 325 (D. Mass. 2020). Ms. Bennett alleges that SunPath hired call center vendors to act as its agents in marketing its warranties. At SunPath's direction, she alleges, those

vendors robocalled her cellphone on a number of occasions attempting to sell her SunPath warranties. They did not stop calling after she asked them to stop. The Amended Complaint therefore plausibly alleges that SunPath is vicariously liable for its agents' TCPA violations. As a result, it can "be reasonably inferred" that SunPath was involved in its agents' alleged misconduct. See Sires v. Hefferman, No. 10-11993-MLW, 2011 WL 2516093, at *5 (D. Mass. June 21, 2011).

SunPath's Motion to Dismiss (dkt. no. 20) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge